UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-81152-Civ-Bloom/Reinhart

DONALD BURNS,

        Plaintiff,

v

TOWN OF PALM BEACH,

        Defendant.

_____/

## ORDER STRIKING PLAINTIFF'S UNDISPUTED STATEMENT OF FACTS (DE 37)

This matter is before the undersigned on an Order of Referral from the District Court. DE 53. The Court enters this Order *sua sponte*, pursuant to Federal Rule of Civil Procedure 56(e).

Federal Rule of Civil Procedure 56(c) and Local Rule 56.1 establish procedures for the orderly review of motions for summary judgment. These procedures are designed to have the parties narrow and focus the evidence so that the Court can determine if material facts remain in dispute. The first step is for a moving party to specify, by numbered paragraphs, the material facts that it asserts are not in dispute. Rule 56(c) states, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) *citing to particular parts of materials in the record* . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c) (emphasis added). Local Rule 56.1(a) requires the non-moving party to respond to each factual assertion by reference to its numbered paragraph. The Local Rule also

1

permits a non-moving party to propose "[a]dditional facts which the party opposing summary judgment contends are material". Any such additional facts "shall be numbered and placed at the end of the opposing party's statement of material facts; the movant shall use that numbering scheme if those additional facts are addressed in the reply." *Id.* If a party fails to controvert a proposed statement of material fact, that fact will be deemed admitted if it is supported by evidence in the record. Local Rule 56.1(b).

Here, Defendant submitted a Statement of Undisputed Facts ("DSOF") containing 39 numbered paragraphs. DE 23. In response, Plaintiff submitted a Statement of Undisputed Facts ("PSOF") that contains 56 numbered paragraphs. DE 37. The PSOF fails to comply with Rule 56 and Local Rule 56.1 in several respects, which makes it impossible for the Court to perform its obligations under Rule 56.

First, in response to factual assertions in the DSOF, the PSOF fails to cite to particular parts of the record that create a factual dispute. Instead, the PSOF contains objections such as "the documents speak for themselves" (PSOF ¶13), "the transcript or audio recording [sic] the proceeding speaks for itself" (PSOF ¶¶14-15), "the application materials speak for themselves" (PSOF ¶17). At other times, Plaintiff's SOF states that a hearing transcript is the best evidence (*see, e.g.*, PSOF ¶¶ 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 30,) or notes that a complete transcript of a hearing is being submitted (PSOF ¶¶14, 15, 18, 20, 23), without reference to which part of the transcript controverts DSOF. These aspects of the PSOF fail to comply with Rule 56's requirement to cite to the particular parts of the record that create a factual dispute.

Second, the numbered paragraphs of the PSOF incorporate additional facts which do not contradict the facts alleged in a corresponding paragraph of the DSOF. Local Rule 56.1 requires

2

that these additional facts "shall be numbered and placed at the end of [the PSOF]." Non-exhaustive examples include:

> Paragraph 8: noting that the applicable ordinance required Town Council action within 30 days of the application for site plan review.
>
> Paragraph 30: asserting that a copy of the ARCOM written denial was not provided to Plaintiff.
>
> Paragraph 31: asserting that ARCOM members acted on personal likes or dislikes.
>
> Paragraph 32: adding that Plaintiff proposed a residential use.
>
> Paragraph 34: offering additional facts about Town Code Section 134-172(f).
>
> Paragraph 38: asserting that Plaintiff did not intend to build "to the maximum."

If Plaintiff wishes to assert allegedly undisputed facts to supplement the DSOF, those factual assertions must be in separate numbered paragraphs.

Third, the PSOF interjects legal arguments that do not controvert the factual assertions in the DSOF. For example, on multiple occasions, the PSOF states that witnesses before the Town Council or the ARCOM did not present "competent substantial evidence". (PSOF ¶¶ 10, 21, 24, 25, 26, 27). The PSOF also contends that that "[a]n appeal of the ARCOM decision to Town Council would have been futile . . . ." (PSOF ¶39).

Fourth, the PSOF repeatedly "objects" to paragraphs of DSOF. These include objections to "legal argument', even though the corresponding paragraph states only facts, with a citation to the record. For example, in response to Paragraph 14, which asserts, "[t]he Council reviewed the 2016 application on January 13, 2016 and heard testimony in support of and in opposition to the application, including opposing neighbors, a professional architect representing the neighbors, and staff comments" (record citation omitted), Plaintiff states, "Objection to legal argument."

Similarly, in response to Paragraph 17, which states, "Plaintiff then applied to ARCOM with the same plans, requesting architectural approval" (record citation omitted), Plaintiff states, "Objection to legal argument." *See also, e.g.,* ¶15 (summarizing proceedings at 2014 Town Council meeting), ¶19 ("The ARCOM members expressed similar concerns. A motion passed to defer the project to allow the applicant to restudy"), ¶25 (summarizing testimony at ARCOM hearing), ¶26 (summarizing testimony at ARCOM hearing), ¶35 (quoting a Town ordinance), ¶37 (quoting a Town ordinance). Legal arguments contained in a Statement of Undisputed Facts are not facts and cannot form the factual basis for summary judgment. Moreover, stating an "objection" to a paragraph in a Statement of Undisputed Facts does not controvert that paragraph by citation to the record, does not create a disputed issue of fact, and therefore has no legal effect.

For all these reasons, the PSOF fails to comply with Rule 56 and Local Rule 56.1. Rule 56(e) gives the Court broad discretion when confronted with a non-conforming summary judgment pleading. It states:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). Exercising its discretion under Rule 56(e), and for the reasons stated herein, the Court will strike the PSOF but afford Plaintiff an opportunity to file a proper Statement of Undisputed Facts.

Paragraphs 40-56 of the PSOF assert 16 additional purported undisputed material facts that were not part of the DSOF. DE 37 at ¶¶40-56. Defendant did not file a Reply or otherwise admit or dispute those new facts. The Court is not sure if that decision was strategic or inadvertent. Because the Court is giving Plaintiff "an opportunity to properly support or address" the deficiencies in the PSOF, which may include asserting additional facts not currently listed in separate paragraphs of the PSOF, the Court also will afford Defendant the opportunity to respond to Paragraphs 40-56 of the PSOF (if they are reasserted in the new PSOF) and to any other additional facts asserted in the new PSOF.

It is therefore **ORDERED** that:

1. Plaintiff's Statement of Undisputed Facts (DE 37) is **STRICKEN** for failure to comply with Fed. R. Civ. P. 56 and Local Rule 56.1.

2. On or before **May 4, 2018, at 5:00 p.m.**, Plaintiff shall file a Statement of Undisputed Facts that complies with Rule 56 and Local Rule 56.1.

3. On or before **May 9, 2018, at 5:00 p.m.**, Defendant may file a Reply to Plaintiff's new Statement of Undisputed Facts.

**DONE AND ORDERED** in Chambers this 27th day of April, 2018, at West Palm Beach in the Southern District of Florida.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of Record

5