UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:17-cv-81152-BLOOM/REINHART

DONALD BURNS,

    Plaintiff,

v.

TOWN OF PALM BEACH,
a Florida Municipal corporation,

    Defendant.
_____/

## UNOPPOSED MOTION TO RECONSIDER AND REINSTATE STAY PENDING REPORT & RECOMMENDATION OR, IN THE ALTERNATIVE, TO EXTEND PRETRIAL DEADLINES

Defendant, Town of Palm Beach ("Town"), moves the Court to reconsider its Amended Order Setting Trial and Pre-Trial Schedule [DE 80] and to reinstate the stay pending issuance of a Report and Recommendation by Magistrate Judge Reinhart [DE 72]. If a stay is not reinstated, in the alternative, the Town moves to extend the pre-trial deadlines, primarily to permit additional time to complete expensive expert discovery but not to extend the dispositive motion deadline or the trial setting. The Town has conferred with Burns' counsel, who does not oppose the relief requested. In support, the Town states:

### PROCEDURAL BACKGROUND

1.    Pending before Magistrate Judge Reinhart is the Town's dispositive motion for summary judgment as to liability (the "Town's Motion for Summary Judgment"), which was filed in November 2017. [DE 21].

2.    On May 22, 2018, the Court granted the parties' joint motion [DE 72] and stayed all deadlines within the Scheduling Order "***until a Report and Recommendation … issued*** on

the pending Motion for Summary Judgment, ECF No. [21]." (emphasis added). The Court indicated that it would issue an Amended Scheduling Order setting forth new pre-trial deadlines **when the Report and Recommendation issued**.

3.  The Magistrate Judge advised the parties that he intended to delay his ruling, until the Supreme Court issued its Opinion in Masterpiece Cakeshop and the parties had briefed the Opinion's impact, if any, to this case. The Magistrate Judge told the parties that he would so advise the Court.

4.  On June 13, 2018, the Court nevertheless *sua sponte* terminated the stay and scheduled the case for a two-week trial calendar beginning December 10, 2018, with imminent deadlines including deadlines to disclose experts and exchange expert reports by July 17th and to complete all discovery (including expert) by August 14th. [DE 80].

5.  In terminating the stay, the Court mistakenly stated that it had previously stayed the case pending a ruling by the Supreme Court in *Masterpiece Cakeshop*. The prior stay had not been tied to the *Masterpiece Cakeshop* ruling, but to the issuance of a Report and Recommendation on the Town's Motion for Summary Judgment.

6.  That Report and Recommendation has not yet issued. Briefing requested by Magistrate Judge Reinhart will be completed this Friday, June $29.^{th}$ The following Tuesday, July 3rd, Magistrate Judge Reinhart will conduct a telephonic hearing regarding the briefing. It is expected that Magistrate Judge Reinhart will thereafter issue his Report and Recommendation within a few weeks.

7.  The parties have moved diligently to outline all of the legal issues for the Court on the Town's summary judgment motion, which was filed in November, 2017.

8. Magistrate Judge Reinhart held oral argument on the Motion on May 17, 2018. He thereafter requested supplemental briefing on various constitutional law issues including, but not limited to, the effect of the Supreme Court's June 4, 2018 ruling in *Masterpiece Cakeshop, Ltd. v. Colorado Civil Rights Comm'n*, 138 S. Ct. 1719 (2018). [DE 74, 76].

9. Indeed, on June 6, 2018, after *Masterpiece Cakeshop* issued, Magistrate Judge Reinhart directed the parties to brief additional issues, citing to *Clark v. Community for Creative Non-Violence*, 468 U.S. 288, 294 (1984). [DE 76].

10. Magistrate Judge Reinhart directed the parties to submit its final supplemental briefing regarding *Masterpiece Cakeshop*, *Clark* and the other issues raised at the oral argument by June 22, 2018 [DE 77], which they did. [DE 81, 82].

11. The parties now have until Friday, June 29, 2018 to submit responses [DE 77], at which time the briefing will be complete.

### RELIEF REQUESTED

12. The Town first respectfully requests that the Court reinstate the stay pending issuance of the Report & Recommendation on the Town's Motion for Summary Judgment, which made good sense because a ruling in the Town's favor would obviously eliminate expensive expert preparation, discovery, and legal effort, as well as help navigate the scheduling difficulties inherent to scheduling around witnesses' summertime availability.

### ALTERNATIVE RELIEF REQUESTED

13. Only as a second alternative, the Town requests that the Court extend the pre-trial deadlines set forth in the Amended Order Setting Pre-Trial and Trial Schedule [DE 80].

14. The parties anticipate that discovery in this Section 1983 action challenging the constitutionality of certain architectural review ordinances of the Town will largely be comprised

of expert architects retained by each side, including those who testified before the Town architectural review commission below and others hired for the trial. The preparation of Rule 26 reports and preparation for and taking of expert depositions is expensive and time-consuming for both sides and would be unnecessary if the Court rules for the Town on the Town's Motion or if the Court rules for Burns on his facial challenge.

15. Absent a stay, the Town seeks additional time primarily to complete expert reports, discovery and any *Daubert* motions, as reflected in the attached redline to this Court's Amended Order [DE 80] and summarized below:

    a. Extending the 8/14/18 deadline to complete all discovery to 8/31/18 for fact discovery and 10/15/18 for expert discovery.

    b. Extending the 7/17/18 deadline to disclose expert and exchange expert witness summaries and reports as follows:

        i. 7/30/18 to disclose experts and exchange summaries

        ii. 8/31/18 to exchange expert reports

    c. Extending the 7/31/18 deadline to exchange rebuttal expert witness summaries and reports to 9/15/18.

    d. Extending the deadline for *Daubert* motions from 9/5/18 to 10/30/18.

    e. Very briefly extending the 8/28/18 deadline to complete mediation to 8/31/18 (The parties had previously selected former Judge Fred Hazouri to mediate this case but he is unavailable the weeks of 8/13/18 and 8/20/18).

16. If a stay is not granted, the Town proposes no change to the September 5, 2018 dispositive motion deadline or to the December 10, 2018 trial setting. Relative to trial, both parties waive any right to a jury trial in this matter (Plaintiff did not demand a jury trial; the

Town has not yet answered given its timely filing of a motion to dismiss and/or for summary judgment).

## SECOND ALTERNATIVE

17.  In the further alternative, the Town requests that the Court schedule a Case Management Conference to address the pretrial and trial schedule in light of the pending Motion for Summary Judgment.

## LOCAL RULE 7.1.A.3 CERTIFICATION

In accordance with S.D. Fla. L.R. 7.1(A)(3), counsel for the Town certifies that they conferred in good faith with Burns' counsel and Burns does not oppose the relief sought herein.

WHEREFORE, Defendant, Town of Palm Beach, respectfully requests that the Court enter an Order in the form attached as Exhibit "A" withdrawing its Amended Order Setting Trial and Pre-Trial Schedule [DE 80], staying the case pending issuance of a Report and Recommendation by Magistrate Judge Reinhart, and awarding any further relief the Court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 29th day of June, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    Jones, Foster, Johnston & Stubbs, P.A.
*Attorneys for Defendant*
505 South Flagler Drive, Suite 1100
West Palm Beach, Florida 33401
Phone: 561-659-3000
Facsimile: 561-650-5300

By: /s/ Margaret L. Cooper
    Margaret L. Cooper, Esq.
    Florida Bar No. 0217948
    mcooper@jonesfoster.com
    Joanne M. O'Connor, Esq.
    Florida Bar No. 0498807
    joconnor@jonesfoster.com
    John C. Randolph, Esq.
    Florida Bar No. 129000
    jrandolph@jonesfoster.com

SERVICE LIST
CASE NO.: 9:17-cv-81152-BLOOM/HOPKINS

Jennifer A. Mansfield, Esq.
Florida Bar No. 0186724
Primary: jennifer.mansfield@hklaw.com
Secondary: dawn.hewett@hklaw.com
50 North Laura Street, Suite 3900
Jacksonville, FL 32202
Telephone: (904) 353-2000
Facsimile:  (904) 358-1872
*Attorney for Plaintiff*

P:\DOCS\13156\00405\PLD\1V76025.DOCX

7