UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-81152-CIV-Bloom/Reinhart

DONALD BURNS,

                Plaintiff,

vs.

TOWN OF PALM BEACH,

                Defendant.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES (ECF NO. 127)

Currently before me is Defendant's Motion for Attorneys' Fees (ECF No. 127), which was referred to me by the Honorable Beth Bloom. ECF No. 128. I have reviewed the motion, Plaintiff's response (ECF No. 129), and Defendant's reply (ECF No. 131). For the reasons stated below, I **RECOMMEND** that Defendant's motion be **DENIED.**

## BACKGROUND

Plaintiff Donald Burns brought this lawsuit after the Town of Palm Beach ("the Town"), through the Town Council's Architectural Commission ("ARCOM"), denied Mr. Burns' application to replace his existing residence with a new residence in a more modern architectural style. ARCOM based its denial on portions of the criteria set for in Section 18-205 of the Town Code. In his Complaint, Mr. Burns brought claims under the First and Fourteenth Amendments

and challenged the constitutionality of Section 18-146 of the Town Code, which articulates the purposes of the ARCOM.[1]

In a Report and Recommendation dated July 13, 2018, I recommended that Judge Bloom grant the Town's motion for summary judgment on all counts of Mr. Burns' Complaint. ECF No. 93. Mr. Burns filed objections, but Judge Bloom overruled them and adopted my Report and Recommendation, thereby granting final judgment in favor of the Town. ECF No. 113. On June 8, 2021, the Eleventh Circuit affirmed Judge Bloom's decision. *Burns v. Town of Palm Beach*, 999 F.3d 1317 (11th Cir. 2021).

With the instant motion the Town seeks partial recovery of its attorneys' fees. Specifically, the Town is willing to forgo the fees it incurred defending against Mr. Burns' First Amendment challenges, however, it seeks to recover the fees that "would not have been incurred <u>but for</u> the need to defend against Burns' frivolous as-applied and facial challenges to Section 18-146 . . . and his numerous Fourteenth Amendment challenges, including substantive due process, equal protection, vagueness and overbreadth." ECF No. 127 at 2. The Town "estimates that [it] would

---

[1] Mr. Burns challenged the Ordinances on their faces and as applied, as follows:

1. Facial substantive due process challenge to Section 18-146
2. Facial equal protection challenge to Section 18-146
3. Facial first amendment challenge to Section 18-146
4. As-applied substantive due process challenge to Section 18-146
5. As-applied equal protection challenge to Section 18-146
6. As-applied first amendment challenge to Section 18-146
7. Facial substantive due process challenge to Section 18-205
8. Facial equal protection challenge to Section 18-205
9. Facial first amendment challenge to Section 18-205
10. As-applied substantive due process challenge to Section 18-205
11. As-applied equal protection challenge to Section 18-205
12. As-applied first amendment challenge to Section 18-205
13. Void for vagueness challenge to Section 18-205

ECF No. 93 at 7 (citing Hearing Transcript at 11:11-12:4 (ECF No. 90)). Mr. Burns sought a declaratory judgment that the Ordinances are unconstitutional on their face and as applied to him.

not have incurred 45% of its fees but for these frivolous Section 18-146 and Fourteenth Amendment claims and seeks to recover $51,390.00 in attorneys' fees." *Id.*

## DISCUSSION

Generally speaking, in American litigation each party in a lawsuit bears its own attorney's fees. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)).  However, there are statutory exceptions, such as those contained in 42 U.S.C. § 1988, which allows the award of "a reasonable attorney's fee" to "the prevailing party" in various kinds of civil rights cases. *Fox v. Vice*, 563 U.S. 826, 832–33 (2011).  In addition to awarding fees to prevailing plaintiffs resulting from a civil rights violation, § 1988 also authorizes a fee award to a prevailing defendant, but under a standard reflecting the "quite different equitable considerations" at stake. *Id.* (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 419, (1978).  Section 1988 seeks "to protect defendants from burdensome litigation having no legal or factual basis," and thus, authorizes a district court to award attorney's fees to a defendant "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Id.*, at 420-21.

The Supreme Court has held that "even if not all the plaintiff's claims were frivolous . . . § 1988 serves to relieve a defendant of expenses attributable to frivolous charges. [If] [t]he plaintiff acted wrongly in leveling [any] such allegations . . . the court may shift to him the reasonable costs that those claims imposed on his adversary." *Fox,* 563 U.S. at 834 ("the presence of reasonable allegations in a suit does not immunize the plaintiff against paying for the fees that his frivolous claims imposed") (citing *Christiansburg*, 434 U.S., at 420–421).  Thus, "in cases involving both

frivolous and non-frivolous claims, a defendant may recover the reasonable attorney's fees he expended solely because of the frivolous allegations." *Fox,* at 840-41.

Bearing in mind the foregoing, I am also aware that "[c]are must be taken to remain sensitive to the policy considerations militating against imposing fees on unsuccessful plaintiffs . . . which might 'discourage all but the most airtight claims . . .'" *Evans v. St. Lucie Cty. Sch. Dist.*, No. 2:17-CV-14450, 2019 WL 3997126, at *4 (S.D. Fla. Aug. 23, 2019) (J. Rosenberg) (quoting *Bonner v. Mobile Energy Servs. Co.*, 246 F.3d 1303, 1305 (11th Cir. 2001)). For this reason, the standard for awarding a defendant attorney's fees in civil rights cases is a "stringent" one. *Walker v. NationsBank of Fla. N.A.*, 53 F.3d 1548, 1558 (11th Cir. 1995) (quoting *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173, 66 L.Ed.2d 163 (1980).

> In determining whether a claim is frivolous, a court must analyze whether the case is so lacking in arguable merit so to be groundless or without foundation, rather than on the question of whether the case was successful on its merits. *Sullivan v. Sch. Bd. of Pinellas Cty.*, 773 F.2d 1182, 1189 (11th Cir. 1985)). In cases where the plaintiff adduces evidence sufficient to support their claims, findings of frivolity typically do not stand. *Id.*; *see also Hurtado v. Raly Dev., Inc.*, No. 11-24476-CIV, 2012 WL 3687488, at *6 (S.D. Fla. Aug. 27, 2012) (quoting *Dulaney v. Miami–Dade Cnty.*, No. 09–23259–CIV, 2011 WL 6754074, at *2 (S.D. Fla. Dec.22, 2011)). Factors also considered important in determining whether a claim is frivolous include: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. *Sullivan*, 773 F.2d at 1189; *see also Cordoba v. Dillard's, Inc.*, 41 F.3d 1169, 1179 (11th Cir. 2005). No one factor is dispositive, and the Court must consider the case as a whole and determine whether the claim was entirely without foundation. *Id.* In determining whether a claim was frivolous, courts view the evidence in the light most favorable to the non-prevailing plaintiff. *Id.*

*Guevara v. Fla. E. Coast Ry., LLC.*, No. 18-CV-24726, 2020 WL 5578960, at *3 (S.D. Fla. Aug. 7, 2020) (J. Louis), report and recommendation adopted, 2020 WL 5572100 (S.D. Fla. Sept. 17, 2020) (J. Smith). "[T]he fee applicant bears the burden of establishing entitlement to an award . . ." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Here, none of the *Sullivan* factors weigh in Mr. Burns' favor. First, Mr. Burns did not establish a *prima facie* case on any of his claims and he lacked standing on several of them. Mr. Burns' challenge to the constitutionality of Section 18-146, was particularly problematic for him because it did not survive Article III scrutiny. That ordinance stated that the purpose of ARCOM was to afford the Town greater protection "to preserve various elements of urban beauty" beyond the Town's zoning codes by "requir[ing] that new projects enhance the existing elements." ARCOM was intended to provide "designers of individual structures with the larger contexts in which their particular works will be viewed. Since the beauty of a community involves the aesthetic quality of all one sees in moving about, it goes far beyond the design of individual architectural facades." As I concluded in my Report and Recommendation, Mr. Burns' challenge to the constitutionality of Section 18-146 was not justiciable because the ordinance was a statement of purpose, only; it did not mandate compliance with any particular procedures, nor did it empower the Town to grant or deny any privileges to a property owner. ECF No. 93 at 17. Simply put, Section 18-146 did not contain any enforcement provisions so it could not give rise to an injury-in-fact thereby creating a "case or controversy." *Id.* This left Mr. Burns without Article III standing to assert any causes of action against Section 18-146.

Likewise, Mr. Burns' void for vagueness challenges under the Fourteenth Amendment failed because I found the criteria outlined in Section 18-205 to be sufficiently clear and definite. ECF No. 93 at 36-37. Mr. Burns' as-applied substantive due process challenge to Section 18-205 failed because binding precedent held that zoning enforcement actions not involving a fundamental right are not subject to substantive due process challenge; his facial challenge to Section 18-205 failed because I found the ordinance to be rationally related to the Town's legitimate aesthetic goals. *Id.* at 38-41. Mr. Burns' equal protection challenges failed because the ordinances did not

involve a suspect classification or fundamental right and he failed to proffer comparators that were *prima facie* identical to his proposed structure in all relevant respects. *Id.* at 42-44. Finally, Mr. Burns' facial equal protection claim failed because he did not show that there was no possible case in which Section 18-205 could be applied in a non-discriminatory fashion. *Id.* at 45.

Moreover, the Town did not offer to settle.[2] Rather, it moved to dismiss Mr. Burns' claims only five weeks after he filed his Complaint. *See Evans*, 2019 WL 3997126, at *2 (citing S*ullivan*, 773 F.2d at 1189). Although the Town sought a quick dismissal of the case, the motion to dismiss was converted into one for summary judgment and I permitted extended briefing, as well as supplemental briefing after the oral argument, and so the matter was not fully briefed until months later, on June 29, 2018.

Despite the *Sullivan* factors weighing largely against Mr. Burns, I nevertheless cannot conclude, viewing the evidence in the light most favorable to Mr. Burns and considering the case as a whole, that his non-First Amendment claims were entirely without foundation.

First, even though I deemed them inadequate, Mr. Burns did proffer comparators.[3] Moreover, the allegations raised in the Complaint were novel and necessitated a complex analysis.

---

[2] The caselaw is unclear about whether the absence of a settlement offer favors a prevailing defendant or is a neutral factor. *Compare Quintana v. Jenne*, 414 F.3d 1306, 1310 (11th Cir. 2005) ("In the absence of evidence of an offer of a substantial amount in settlement, this factor does not support either party.") and *Evans,* 2019 WL 3997126 at *2 (same) *with Head v. Medford*, 62 F.3d 351, 356 (11th Cir. 1995) and *Perry v. Orange County*, 341 F. Supp. 2d 1197, 1211 (M.D. Fla. 2004) (second *Sullivan* factor cuts in favor of defendant who made no settlement offer). I need not resolve this inconsistency because my ultimate conclusion would be the same even if the second factor favored the Town.

[3] *See, e.g., Guevara,* 2020 WL 5578960 at *5 (court declined to impose fee-shifting because the plaintiff "advanced some evidence in support of his [Title VII] claims and had a good faith basis for bringing the claims [which] mitigates against a finding of frivolity;" plaintiff identified three comparators, although they were ultimately rejected by the court).

Mr. Burns' challenges to ARCOM were previously untested and he was entitled to pursue every avenue that might achieve the result he sought, especially given the intensely personal nature of his lawsuit and the gravity of the outcome which ultimately denied him the right to build the residence of his choosing. That some of the claims subsumed within Mr. Burn's constitutional challenges were summarily dismissed by the Court and not appealed by Mr. Burns does not render them frivolous *per se*.[4]

The consistent theme among all of Mr. Burns' claims was that the ARCOM lacked the legal authority to deny him the right to build his preferred house. Although, as I found, Section 18-146 did not impose any substantive limitations on Mr. Burns' conduct, that ordinance underlies the ARCOM's existence and authority and provides the basis for his challenges to Section 18-205. Because Sections 18-146 and 18-206 are integrated, I cannot say it was frivolous for Mr. Burns to attack the ARCOM's authority at its core and in its totality – which necessitated a challenge to Section 18-146.

In sum, the facts adduced in this case, when viewed in the light most favorable to Mr. Burns, demonstrate that his claims were not so lacking in merit as to be groundless. While his evidence ultimately did not rise to the level required to prove his claims, the Town has not met the "stringent standard" of showing that Mr. Burns' claims were "frivolous, unreasonable, or without foundation."

---

[4] The Town argues that Mr. Burns' Fourteenth Amendment facial and as-applied substantive due process claims were "particularly frivolous" because they were disposed of in short shrift. ECF No. 127 at 9. Still, I find that Mr. Burns did not act unreasonably in challenging the ordinance on all the related available bases.

**RECOMMENDATION**

Accordingly, it is hereby **RECOMMENDED** that the District Court **DENY** Defendant's Motion for Attorneys' Fees.  ECF No. 127.

**NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Beth Bloom, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers this 31st day of January, 2022 at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
United States Magistrate Judge